UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRANS-PRO LOGISTIC INC.,

                Plaintiff,

                -against-

COBY ELECTRONICS CORPORATION,

                Defendant.
----------------------------------------------------------X
COBY ELECTRONICS CORPORATION,

                Third-Party Plaintiff,

                -against-

CSX INTERMODAL, INC. and
YELLOWSTONE FREIGHT, INC.,

                Third-Party Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

05 CV 1759 (CLP)

On April 12, 2005, plaintiff Trans-Pro Logistic Inc. ("Trans-Pro") filed this action, alleging breach of contract and claiming payment for an account stated, in connection with monies owed to plaintiff for shipping services provided to defendant Coby Electronics Corporation ("Coby"). (See Compl.[1]). On December 2, 2005, defendant Coby filed various counterclaims against plaintiff, as well as a Third-Party Complaint against CSX Intermodal, Inc. ("CSXI") and Yellowstone Freight, Inc. ("Yellowstone"), the transporters of the shipments, alleging that they were responsible for the loss of certain goods that occurred during the transport process.

---

[1] Citations to "Compl." refer to plaintiff's Complaint filed on April 12, 2005.

1

On December 14, 2007, third-party defendant CSXI filed a motion for summary judgment, seeking to have the Third-Party Complaint dismissed as against CSXI. By Memorandum and Order dated September 2, 2008, the Honorable Charles P. Sifton denied the CSXI motion for summary judgment, finding that there were material issues of fact in dispute as to the terms of the agreement between plaintiff and defendant that prevented the court from determining the liability of the third party. Trans-Pro Logistics, Inc. v. Coby Electronics, No. 05 CV 1759, 2008 WL 4163992, at *5 (E.D.N.Y. Sept. 3, 2008). CSXI filed a motion for reconsideration on September 15, 2008, which was denied by Judge Sifton in an Order dated January 6, 2009.

All parties consented to having the case assigned to a United States Magistrate Judge for all purposes including entry of judgment on May 18, 2009. The parties then filed a proposed Pretrial Order on September 17, 2009, in which CSXI asserted that this Court "does not have subject matter jurisdiction over CSXI Intermodal, Inc. (CSXI) because the forum selection clause contained in CSXI's contract with its customers, Service Directory No. 1, provides that any suit against CSXI must be brought in either of three places," none of which is the Eastern District of New York. (PTO[2] at 2).

Although CSXI filed a Pretrial Memorandum of Law, dated October 2, 2009, which essentially repeated the arguments it made to Judge Sifton in its earlier Motion for Summary Judgment, CSXI failed to file a motion to dismiss or a motion for summary judgment. Noting that CSXI objected to jurisdiction in the Eastern District of New York in both the Pretrial Order and its Pretrial Memorandum of Law, this Court issued an Order on September 8, 2010, stating

---

[2]Citations to "PTO" refer to the proposed Pre-Trial Order filed on September 17, 2009.

that if CSXI wished to make a motion objecting to this Court's jurisdiction, it must do so by September 24, 2010.

CSXI now moves for summary judgment "as to dismissal of the Third Party Complaint filed by Coby . . . against it on the grounds that this Court lacks subject matter jurisdiction over it because of a forum selection clause in the transportation agreement . . . ." (Second Mot.[3] at 1-2).

DISCUSSION

A party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). In addition, "'inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

In moving for summary judgment, CSXI relies on the forum selection clause set forth in the Service Directory agreed to between CSXI and TRT Carriers, a division of NYK Logistics that hired CSXI to transport goods for Coby.[4] (Second Mot. at 8). CSXI argues that this forum selection clause applies to Coby because Trans-Pro was acting on Coby's behalf when Trans-Pro

---

[3]Citations to "Second Mot." refer to the Memorandum of Law in Support of CSX Intermodal, Inc.'s Motion for Summary Judgment, filed on September 24, 2010.

[4]Coby disputes CSXI's allegation that TRT Carriers is a division of NYK Logistics. See Trans-Pro Logistic, Inc. v. Coby Electronics Corp., No. 05 CV 1759, 2008 WL 4163992, at *2 (E.D.N.Y. Sep. 3, 2008). Since the status of TRT Carriers is irrelevant to the Court's present decision, the Court does not address the issue.

3

contracted with TRT, which then contracted with CSXI.

CSXI made a similar argument in its first motion for summary judgment, relying on Great Northern Railway Co. v. O'Connor, 232 U.S. 508 (1914), Norfolk Southern Railway Co. v. Kirby, 543 U.S. 14 (2004), and Nippon Fire & Marine Co., Ltd. v. Skyway Freight Systems, Inc, 235 F.3d 52 (2d Cir. 2000), to buttress its argument that the Service Directory was enforceable against Coby. Judge Sifton found that the three cases were inapposite, as "third-party defendant CSXI is a shipper's agent, not a carrier, and knew that defendant and third-party plaintiff Coby was the shipper and not a freight forwarder at the time that it contracted with TRT to arrange for the shipment of the goods in question." Trans-Pro, 2008 WL 4163992, at *4. Judge Sifton concluded that "[b]ecause there are material factual disputes about the terms of the contract between plaintiff and defendant, a jury must first determine their relationship before addressing whether defendant and third-party plaintiff Coby was bound by the terms of the Service Directory." Id. at *5.

On September 16, 2008, CSXI filed a Motion for Reconsideration or Reargument, arguing that Judge Sifton "overlooked basic principles of agency law" when he ruled that there exist issues of fact surrounding the enforceability of the Service Directory. (Mot. Recons.[5] at 2). In the Motion for Reconsideration, CSXI argued that Trans-Pro had implied or apparent authority to arrange for the shipment of goods on Coby's behalf, or that Coby had ratified agreement to the Service Directory by voluntarily loading its cargo onto a truck owned by a company hired by CSXI.

Judge Sifton found that such arguments were not appropriate bases for a motion to

---

[5]Citations to "Mot. Recons." refer to CSXI's Memorandum of Law in Support of its Motion for Reconsideration or Re-argument," filed on September 16, 2008.

4

reconsider, since the arguments had not appeared in CSXI's initial motion for summary judgment, and, therefore, they were not arguments that he had "overlooked." Nevertheless, the judge proceeded to dispose of CSXI's arguments on the merits, finding that "denial of [CSXI's] summary judgment motion would nevertheless be appropriate." Trans-Pro Logistic, Inc. v. Coby Electronics Corp., No. 05 CV 1759, 2009 WL 36824, at *5 (E.D.N.Y. Jan. 6, 2009). In his Order, Judge Sifton found that "[t]he nature and details of the oral agreement between third-party-plaintiff Coby and plaintiff Trans-Pro are in dispute, but there is no allegation that the limitations present in the Service Directory, upon which third-party defendant [CSXI's] contract with TRT was predicated, were included in the oral agreement between Coby and Trans-Pro." Id. Further, Judge Sifton rejected CSXI's arguments that, as a matter of law, Trans-Pro had implied or apparent authority or that Coby ratified the contract between Trans-Pro and CSXI. Id. at *6-7. Accordingly, the judge denied CSXI's motion for reconsideration.

In the instant motion, filed on September 24, 2010, CSXI again seeks summary judgment, now couching the issue surrounding the forum selection clause in the Service Directory as one of subject matter jurisdiction. CSXI notes that "the issue of the court's subject matter jurisdiction was never resolved in the two opinions by Judge Sifton." (Resp.[6] at 3). This is true to the extent that Judge Sifton did not frame his opinion in terms of subject matter jurisdiction and did not explicitly find that the forum selection clause did or did not preclude subject matter jurisdiction over this case. However, the judge's finding that there are material issues of fact as to whether Coby is bound by the terms of the Service Directory, including the forum selection clause, in essence included a ruling on subject matter jurisdiction.

---

[6] Citations to "Resp." refer to CSXI's Response to the Court's October 1, 2010, Order, filed October 6, 2010.

For this Court to dismiss the Third Party Complaint as CSXI requests, it must first find that the forum selection clause in question is valid and enforceable as against Coby. To make such a finding in the context of a motion for summary judgment would require the Court to conclude that there exist no triable issues of fact as to the validity and enforceability of the forum selection clause.[7] Forum selection clauses are presumptively valid and will only be set aside if enforcement would be unreasonable. Mercer v. Raildreams, Inc., 702 F. Supp. 2d 176, 180 (E.D.N.Y. 2010). Forum selection clauses are unreasonable:

> (1) if their incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will for all practical purposes be deprived of his day in court, due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state.

Id. (quoting In re Assicurazioni S.p.A. Holocaust Insurance Litigation, 228 F. Supp. 2d 372, 373 (S.D.N.Y. 2002)). However, before examining these factors–for which no evidence has yet been presented–the Court must first determine if the parties at issue even had an agreement to be bound by the clause.[8]

---

[7] At the final pre-trial conference hearing, held on October 13, 2010, counsel for CSXI argued that, in addition to the forum selection clause, other provisions of the Service Directory preclude Coby's claims against CSXI. Again, there remain issues of triable fact as to whether Coby is bound by the Service Directory entered into by CSXI and TRT Carriers.

[8] If the Court were to conclude that there are no triable issues of fact in this regard, the Court would then need to determine the propriety of characterizing CSXI's motion as a motion to dismiss for lack of subject matter jurisdiction, as opposed to a motion to dismiss for improper venue. The Second Circuit "has recognized that 'there is no existing mechanism with which forum selection enforcement is a perfect fit.'" Mercer v. Raildreams, Inc., 702 F. Supp. 2d 176, 178 (E.D.N.Y. 2010) (quoting New Moon Shipping Co. v. MAN B & W Diesel AG, 121 F.3d 24, 28-29 (2d Cir. 1997). Although some courts treat motions to dismiss and motions for summary judgment predicated on a forum selection clause as governed Federal Rule of Civil Procedure 12(b)(1), see, e.g., Cfirstclass Corp. v. Silverjet PLC, 560 F. Supp. 2d 324, 327 (S.D.N.Y. 2008) (citing AVC Nederland B.V. v. Atrium Inv. Patnership, 740 F.2d 148, 152 (2d Cir. 1984)), others have classified such motions as motions to dismiss for improper venue under

CSXI has cited only one new case decided since its first motion for summary judgment, Kawasaki Kisen Kaisha Ltd. v. Regal Beloit Corp., 130 S. Ct. 2433 (2010), to support its statement that forum selection clauses "are enforceable whether or not the opposing party bargained for them or was unaware of the precise terms of the clause so long as the clause was in the 'agreement' for the arrangement of transportation services." (Resp. at 7). CSXI fails to elaborate on exactly how Kawasaki is relevant to the instant motion except that the case involves a forum selection clause found to be enforceable by the Supreme Court.

In Kawasaki, a number of cargo owners sought to ship their goods from China to the midwestern United States. The cargo owners hired Kawasaki Kisen Kaisha, Ltd., and its agent "K" Line America, Inc. ("'K' Line"), which issued bills of lading covering the entire course of shipment to the cargo owners. These bills of lading included so-called "Himalaya Clauses," which "extend[] the bills' defenses and limitations on liability to parties that sign subcontracts to perform services contemplated by the bills." Id. at 2439. They also included forum selection clauses, setting Tokyo District Court as the proper forum for any action relating to the shipment.

"K" Line arranged to have Union Pacific Railroad Company serve as the rail carrier for the portion of the shipment that took place in the United States. When the Union Pacific train derailed in Oklahoma, the cargo was allegedly destroyed, and the cargo owners brought suit in California. The District Court dismissed the case based on the forum selection clause, and the Ninth Circuit reversed. The Supreme Court granted certiorari to determine whether the Carmack Amendment applies "to the inland segment of an overseas import shipment under a through bill of lading." Id. at 2440.

---

Fed. R. Civ. P. 12(b)(3). See Phillips v. Audio Active Ltd., 494 F.3d 378 (2d Cir. 2007).

Although the Supreme Court ultimately found the forum selection clause at issue in Kawasaki to be enforceable, the circumstances surrounding this case and Kawasaki are so different that it is difficult to draw any helpful conclusions from the Supreme Court's decision. In Kawasaki, the forum selection clause was present in written bills of lading issued by "K" Line directly to the cargo owners, and it was clear from the Himalaya Clauses that "K" Line was authorized to subcontract with other companies to complete the shipment. Thus, there was no question that the cargo owners were aware of and agreed to the forum selected. Further, the Himalaya Clauses in the same bills of lading explicitly bound subcontractors.

Here, by contrast, not only are the terms of the original oral agreement between Trans-Pro and Coby in dispute, but there are issues of fact in dispute as to whether either Trans-Pro or Coby were ever made aware of the Service Directory that was only part of the agreement between TRT Carriers and CSXI. As Judge Sifton noted: "The nature and details of the oral agreement between third-party-plaintiff Coby and plaintiff Trans-Pro are in dispute, but there is no allegation that the limitations present in the Service Directory . . . were included in the oral agreement between Coby and Trans-Pro." Trans-Pro Logistic, Inc. v. Coby Electronics Corp., No. 05 CV 1759, 2009 WL 36824, at *4 (E.D.N.Y. Jan. 6, 2009). The Supreme Court's decision in Kawasaki addressed only "whether the terms of a through bill of lading issued abroad by an ocean carrier can apply to the domestic part of the import's journey by a rail carrier, despite prohibitions or limitations in another federal statute." Kawasaki, 130 S. Ct. at 2439. Nothing in the Kawasaki decision can be read as new law requiring that the terms of the Service Directory be applied to Coby.

CSXI's argument in the instant motion is, therefore, the same wine in a different bottle. Assuming for the sake of argument that the forum selection clause is jurisdictional, a conclusion

8

that is by no means settled law, CSXI would still have to prove that Coby is bound by the Service Directory before the forum selection clause removed the case from this Court's jurisdiction. CSXI twice failed to persuade Judge Sifton that, as a matter of law, the Service Directory is enforceable against Coby, and CSXI fails to do so before this Court. In what is essentially a second motion to reconsider, CSXI fails to present "factual matters or controlling decisions the court overlooked that might materially have influenced its decision." Trans-Pro, No. 05 CV 1759, 2009 WL 36824, at *3.[9]

Since the Court concurs with Judge Sifton's conclusions in ruling on CSXI's prior Motion for Summary Judgment and Motion to Reconsider that there exist triable issues of fact as to the applicability of the forum selection clause to Coby, CSXI's motion for summary judgment is denied. CSXI may raise the issue of subject matter jurisdiction again at the conclusion of the presentation of evidence at trial.

**SO ORDERED.**

Dated: Brooklyn, New York
October 14, 2010

Cheryl L. Pollak
United States Magistrate Judge

---

[9]During the final pre-trial conference, held on October 13, 2010, counsel for CSXI raised a variety of additional arguments as to why CSXI should not and need not be a party to this suit. These contentions were not raised by CSXI in its moving papers. Accordingly, the Court does not consider them at this time.