UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TRANS-PRO LOGISTIC INC.,

                Plaintiff,

                -against

COBY ELECTRONICS CORPORATION,

                Defendant.
----------------------------------------------------------X
COBY ELECTRONICS CORPORATION,

                Third-Party Plaintiff,

                -against

CSX INTERMODAL, INC. and
YELLOWSTONE FREIGHT, INC.,

                Third-Party Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

05 CV 1759 (CLP)

On April 12, 2005, plaintiff Trans-Pro Logistic Inc. ("Trans-Pro") filed this action, alleging breach of contract and claiming payment for an account stated, in connection with monies owed to plaintiff for shipping services provided to defendant Coby Electronics Corporation ("Coby"). (See Compl.[1]). On December 2, 2005, defendant Coby filed various counterclaims against plaintiff, as well as a Third-Party Complaint against CSX Intermodal, Inc. ("CSX") and Yellowstone Freight, Inc. ("Yellowstone"), the transporters of the shipments, alleging that they were responsible for the loss of certain goods that occurred during the transport process.

---

[1]Citations to "Compl." refer to plaintiff's Complaint filed on April 12, 2005.

1

Plaintiff filed a motion for summary judgment on May 26, 2010, which was denied by this Court in its entirety on August 27, 2010. On September 10, 2010, plaintiff filed a motion for reconsideration, pursuant to Local Rule 6.3 of the Local Rules of the Eastern and Southern Districts of New York, which provides the standards for reargument and reconsideration of a court's prior order. See Belmont v. Associates Nat'l Bank, 219 F. Supp. 2d 340, 343 (E.D.N.Y. 2002); see also Winkler v. Metro. Life Ins. Co., 340 F. Supp. 2d 411, 412-13 (S.D.N.Y. 2004); Parajecki v. Int'l Bus. Machs. Corp., 165 F.R.D. 20, 22 (E.D.N.Y. 1996).

Generally, under Rule 6.3, courts have required that the moving party "demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." Ferrand v. Credit Lyonnais, 292 F. Supp. 2d 518, 520 (S.D.N.Y. 2003) (internal citations omitted); see also Byrne v. Liquid Asphalt Sys., Inc., 250 F. Supp. 2d 84, 88 (E.D.N.Y. 2003). A moving party may not "advance new facts, issues or arguments not previously presented to the Court," Winkler v. Metro. Life Ins. Co., 340 F. Supp. 2d at 413 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)), because the Rule was "not intended as a vehicle for a party dissatisfied with the court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion." Ferrand v. Credit Lyonnais, 292 F. Supp. 2d at 520.[2]

The rule is to be "narrowly construed and strictly applied so as to avoid repetitive

---

[2] Reconsideration of a prior order may also be appropriate "if the court's original order was ambiguous." Lotze v. Hoke, 654 F. Supp. 605, 607 (E.D.N.Y. 1987) (citing Kelly v. Pension Benefit Guar. Corp., No. 79 CV 0547, 1980 U.S. Dist. LEXIS 12458, at *1 (S.D.N.Y. July 17, 1980)). Here, plaintiff has not suggested that the Court's prior Order was "ambiguous." Lotze v. Hoke, 654 F. Supp. at 607.

arguments on issues that have already been considered fully by the court," Minkina v. Ashcroft, No. 01 CV 511, 2004 WL 1447947, at *1 (E.D.N.Y. June 25, 2004) (quoting Veloz v. State of New York, No. 98 CV 567, 1999 WL 642883, at *2 (S.D.N.Y. Aug. 24, 1999)), and such a motion must not be used as a substitute for an appeal. See Ferrand v. Credit Lyonnais, 292 F. Supp. 2d at 520. Instead, the rule is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Winkler v. Metro. Life Ins. Co., 340 F. Supp. 2d at 412 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Rule 6.3 was designed to provide a mechanism "to 'correct a clear error or prevent manifest injustice.'" Jordan v. Metro. Life Ins. Co., No. 03 CV 4110, 2004 WL 1752822, at *2 (S.D.N.Y. Aug. 4, 2004) (quoting Doe v. New York City Dep't of Social Servs., 709 F.2d 782, 789 (2d Cir. 1983), cert. denied, Catholic Home Bureau v. Doe, 464 U.S. 864 (1983)); see also Belmont v. Associates Nat'l Bank, 219 F. Supp. 2d at 343.

In this case, plaintiff has not argued that this Court overlooked "controlling decisions or factual matters put before [it]." Ferrand v. Credit Lyonnais, 292 F. Supp. 2d at 520. Instead, the argument seems to be that the Court misapplied the applicable law or "failed to take proper notice of the fact that no material issues of fact exist" with respect to its claims against the defendant. (Mot. at 6). Therefore, under the standards set forth in Local Rule 6.3, plaintiff's motion for reconsideration may be denied outright.

However, this Court, in its discretion, has considered the merits of plaintiff's motion for reconsideration and denies them for the reasons set forth in the Court's original Order of August 27, 2010. Specifically, in connection with the motion to reconsider the Court's ruling on the breach of contract claim, plaintiff argues that the Court failed to take notice of the fact that "Coby

3

did not allege that contractual terms allowed it to engage in self-help or that [there were] any other disputes as to the contract terms." (Pl.'s Mot. at 6). Not only did the Court previously consider this argument, but in denying plaintiff's original motion on this claim, this Court relied in part on the earlier ruling of the Honorable Charles P. Sifton, who issued an Order in 2007, denying a motion for summary judgment filed by third-party defendant CSX. See Trans-Pro Logistics, Inc. v. Coby Electronics, No. 05 CV 1759, 2008 WL 4163992, at *5 (E.D.N.Y. Sept. 3, 2008). At that time, Judge Sifton found that there were "material factual disputes about the terms of the contract between plaintiff and defendant." Id. The judge's determination that there were "material factual disputes" relating to the very contract that the plaintiff seeks now to enforce is law of the case and, accordingly, this Court held that "because there is a question as to what the parties agreed were the actual terms of the contract, summary judgment is inappropriate at this time." (Order[3] at 14). Nothing stated in plaintiff's papers seeking reconsideration establishes that there is any controlling law or factual matters that this Court overlooked.

Similarly, with respect to the motion for reconsideration on the account stated claim, plaintiff asserts that "there is no issue of fact here" because, "[e]ven accepting Coby advised it was holding Trans-Pro responsible for its property damage claim, as a matter of law this is not a dispute as to the amounts set forth in the invoices." (Pl.'s Mot. at 7). In making this argument, plaintiff merely repeats the same argument that it made in its initial moving papers for summary judgment. Without more, plaintiff fails to meet its burden under Local Rule 6.3.

At the oral argument held on October 8, 2010, plaintiff raised several issues which it

---

[3]Citations to "Order" refer to this Court's Order denying summary judgment, filed August 27, 2010.

claims this Court overlooked, as well as several new arguments that were not previously raised in either Trans-Pro's original motion for summary judgment nor in the motion for reconsideration. As to the account stated claim, plaintiff argued that the business relationship between plaintiff and defendant ended in November 2004, and defendant did not object to the invoices tendered until February 2005. Based on this delay, plaintiff argued that the objection to the amount owed was untimely. As counsel for Coby pointed out at the hearing, however, plaintiff never raised this point in its motion to reconsider. Accordingly, the Court does not address the argument at this time.

As to the breach of contract claim, plaintiff stated at oral argument that there should be no triable issues of fact regarding the invoices for which Coby submitted no objections. Again, this argument was never advanced in either the motion for summary judgment nor the motion to reconsider, and the Court does not address the argument at this time.

Lastly, plaintiff asserted in oral argument that Coby was barred from bringing this suit in federal court because it failed to abide by the requirements of the Carmack Amendment and related federal regulations. Since the Court previously found that there is a material factual dispute regarding Trans-Pro's status as a broker or carrier, see Trans-Pro Logistics, Inc. v. Coby Electronics Corp., No. 05 CV 1759, 2008 WL 4163992, at *1 (E.D.N.Y. Sept. 3, 2008), and thus whether the Carmack Amendment governs the transaction between Trans-Pro and Coby, the Court cannot decide such an issue in a motion for summary judgment.

Accordingly, plaintiff's motion for reconsideration is denied in its entirety.

**SO ORDERED.**

Dated: Brooklyn, New York
      October 15, 2010

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge